UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII GOVERNOR, *et al.*,<br><br>            Defendants. | Case No. 2:13-cv-01853-APG-CWH<br><br>**<u>ORDER</u>** |

This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed on October 10, 2013. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915(a) to proceed *in forma pauperis* and submitted a complaint along with his Application.

**I.**     ***In Forma Pauperis* Application**

In Plaintiff's Application, he asserts that he is unemployed, does not receive benefits or supplemental income, does not have any assets, and cannot pay the filing fee. *See* Application #1, 1-2. Plaintiff is currently incarcerated, and states that his inmate account has a current account balance of $0. *Id.* at 4. Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a). However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995. Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action. The Court will now review Plaintiff's Complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint. Federal courts are given the authority dismiss a case if the action is legally "frivolous or

malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A.   Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of over $75,000 in his complaint and appears to be suing defendants that are citizens of Hawaii. However, as discussed below, the complaint fails to state a claim for relief.

### B.   Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily

turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 for wrongful incarceration in violation of the Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

Plaintiff will be given leave to amend his complaint to correct the noted deficiencies. However, he should be aware that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

Upon review of the Complaint, it appears as though Plaintiff is alleging that various Hawaiian authorities were involved in wrongfully incarcerating him and conspiring to extort money. To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law. *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally

under color of state law, and (2) that the official is not entitled to the protection of qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Although Plaintiff names seven constitutional amendments, he does not provide any facts to determine how they are implicated. Additionally, in general, his complaint lacks sufficient detail to determine what causes of actions he is alleging. There is no information provided to determine what actions each defendant took and what causes of action are alleged against them. Therefore, the Court will allow Plaintiff the opportunity to file an amended complaint to correct these deficiencies.

Based on the foregoing and good cause appearing therefore,

## ORDER

**IT IS ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00). However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #285482), in the months that the account exceeds $10.00, until the full $400 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Clark County Detention Center's account supervisor is directed to send a copy of this order the attention of the chief of inmate services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward the filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk of the Court shall also send a copy of this Order to the Clark County Detention Center's Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from the date that this Order is entered to file an Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order may result in the Court recommending that this action be dismissed.

Dated this 15th day of October, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**