# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII GOVERNOR, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-01853-APG-CWH<br><br>**AMENDED ORDER** |

  This matter is before the Court on Plaintiff's Motion to Amend Complaint (#4), filed October 21, 2013 and Plaintiff's Motion for Appointment of Counsel (#5), filed October 21, 2013.

  Plaintiff's original complaint was attached to his Application to Proceed *In Forma Pauperis* (#1), filed on October 10, 2013. The Court granted Plaintiff's request to proceed *in forma pauperis*, but, upon screening, dismissed his complaint without prejudice. *See* Order (#2). Based on the original complaint, the Court was able to surmise that Plaintiff is attempting to bring suit under 42 U.S.C. § 1983 for wrongful incarceration in violation of the Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments. However, the Court found that Plaintiff had failed to properly state his claims under section 1983. Although Plaintiff identified several constitutional amendments in his original complaint, he did not (1) provide any facts to determine how the amendments are implicated; (2) provide sufficient detail to determine what causes of actions he is alleging; and (3) did not provide enough information to determine what actions each defendant took and what causes of action are alleged against each defendant. Nevertheless, Plaintiff was given thirty (30) days to file an amended complaint addressing the identified deficiencies in his original complaint.

  Plaintiff has not yet filed an amended complaint. He did, however, file a motion (#4) requesting leave to file his amended complaint. The motion is not necessary as Plaintiff has already been granted leave to file an amended complaint. The amended complaint is currently due by Friday, November 15,

2013, but, given Plaintiff's apparent misunderstanding, the Court will construe his motion as one for an extension of time in which to file an amended complaint. That request will be granted and Plaintiff given an additional thirty (30) days to file his amended complaint.

Plaintiff has also filed a motion which appears to request appointment of counsel. "The court may request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1). However, a litigant in a civil rights action does not have a right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The circumstances in which a court will request such an appointment are exceedingly rare and only appropriate under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Such exceptional circumstances require the court to evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn, supra*, 789 F.2d at 1331). Courts have considerable discretion in determining whether to appoint counsel in a civil matter.

The Court is not yet in a position to determine whether appointment of counsel is appropriate as Plaintiff has made no attempt to address the deficiencies in his original complaint. Indeed, there is currently no operative complaint, meaning there is no likelihood that Plaintiff will succeed on the merits. Plaintiff has made no effort to set forth any facts upon which the Court could determine his ability to articulate his claims so there is no basis to consider the complexity of the legal issues involved. Consequently, the motion for appointment of counsel will be denied without prejudice.

Based on the foregoing and good cause appearing therefore,

### **ORDER**

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (#4) is **granted in part and denied in part**. Plaintiff shall have until **Monday, December 16, 2013** to file an amended complaint. Failure to comply with this Order will result in a recommendation that this action be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#5) is **denied without prejudice**.

Dated: October 31, 2013.

                                                                    _____
                                                                    **C.W. Hoffman, Jr.**
                                                                      **United States Magistrate Judge**