UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBIN M. LEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF HAWAII GOVERNOR, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:13-cv-01853-APG-NJK<br><br>**Order Accepting Report and Recommendation and Dismissing Case**<br><br>(Dkt. Nos. 12, 14) |

　　　Robin Lee alleges Hawaiian prison officials have wrongfully incarcerated him. He brought suit under 42 U.S.C. § 1983 asserting violations of sundry Constitutional amendments. Magistrate Judge Hoffman dismissed Lee's original Complaint for failure to allege sufficient facts, and ordered that Lee would have until January 16, 2014 to file an amended complaint. Lee missed the deadline by two months, but eventually filed his Amended Complaint in March, 2014.

　　　Judge Hoffman recommends that Lee's case be dismissed for failure to comply with the January 16th deadline.[1] I agree that Lee's tardiness, alone, could warrant dismissal. But an examination of Lee's Amended Complaint reveals that, in any event, he still has not alleged sufficient facts to state his claims. The thrust of Lee's Amended Complaint is that various officials subjected him to "involuntary servitude" and "illegal strip searches." After excising these threadbare legal conclusions, the Amended Complaint unravels. Lee has failed to provide any well-pleaded facts in support of his claims. I therefore find Lee's case should be dismissed with prejudice.

---

[1] (Dkt. #12.)

I.  **BACKGROUND**

Lee is an inmate at the Honolulu Federal Detention Center. Lee alleges that in 2004 and 2005 he was wrongfully imprisoned at the Oahu Community Correctional Center ("OCCC").[2] In October of 2013, Magistrate Judge Hoffman dismissed Lee's original Complaint for failure to allege sufficient facts, and ordered that Lee would have until November 15, 2013 to file an amended complaint. Judge Hoffman later ordered an extension of this deadline to January 16, 2014.[3]

Two months after the January deadline, Lee had still not filed an amended complaint. On March 5, 2014, Magistrate Judge Hoffman entered a Report and Recommendation recommending Lee's Complaint be dismissed for failure to comply with the Order setting the January deadline.[4]

On March 18, 2014, Lee objected to Judge Hoffman's Report and Recommendation and filed an Amended Complaint.[5] Lee argues he delayed filing his Amended Complaint because he did not have stamps, and because he suffered from mental health issues.[6] Lee's Amended Complaint merely includes general statements that he was subjected to "involuntary servitude," "unusual punishments," "illegal strip searches," and "gross violations" while incarcerated at OCCC.[7]

II. **DISCUSSION**

Dismissal of Lee's case is warranted on two grounds: (1) he failed to comply with Judge Hoffman's Order, and (2) he has not alleged factually plausible claims in his Amended Complaint.

---

[2] (Dkt. #14, Exh. 1.)
[3] (Dkt. #10.)
[4] (Dkt. #12.)
[5] (Dkt. #13.)
[6] (Dkt. #14, at 6.)
[7] (Dkt. #14, at 4-7.)

### A. Violation of Judge Hoffman's Order

I have conducted a de novo review of the issues set forth in the Report and Recommendation, pursuant to Local Rule IB 3-2. Judge Hoffman's Report and Recommendation sets forth the proper legal analysis, and the factual basis, for his decision. Rule 16(f) provides that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Potential sanctions under Rule 19 37(b)(2)(A)(ii)-(vii) include dismissal.[8] While dismissal is a drastic course, I agree with Judge Hoffman's legal and factual analyses of the dismissal factors.

### B. Failure to allege sufficient facts

Even if I disregard the violation of the Judge Hoffman's Order, Lee's Amended Complaint fails to allege facts stating any sort of claim against the named Defendants.

Federal courts screen cases in which a prisoner seeks redress from a governmental entity or officer.[9] The Court may dismiss where a plaintiff fails to state a claim upon which relief may be granted.[10] To state a claim upon which relief may be granted, a complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[11] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[12] "Factual allegations must be enough to rise above the speculative level."[13] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[14] Where

---

[8] Fed. R. Civ. P. 37(b)(2)(A)(v).

[9] *See* 28 U.S.C. § 1915A(a).

[10] *See* 28 U.S.C. § 1915A(b)(1),(2).

[11] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[13] *Twombly*, 550 U.S. at 555.

[14] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."[15] *Pro se* pleadings, however, must be liberally construed.[16]

Here, even applying the liberal *pro se* standard, Lee has failed to provide any facts which could make his claims plausible. Lee simply alleges he was wrongfully incarcerated, improperly searched, wrongfully punished and subjected to indentured servitude by various prison officials.[17] I must disregard these conclusory statements when determining the sufficiency of his pleading. Because Lee has failed to provide any facts underlying his claims, his amended complaint must be dismissed.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that Judge Hoffman's Report and Recommendation is accepted, and this case is DISMISSED WITH PREJUDICE.

DATED THIS 17th day of October, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* (internal quotation marks omitted).

[16] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[17] (Dkt. #14, at 4-7.)